# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**ERNELL NORMAN PRIESTER, JR.**,

    *Plaintiff*,

    v.

**BETHEL COMMANDMENT CHURCH OF THE LIVING GOD OF NEW JERSEY,** *et al*.,

    *Defendants*.

No. 24-cv-08899

**MEMORANDUM ORDER**

---

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on Defendant Middle Township of New Jersey's ("Defendant" or "Township") Motion to Dismiss, (ECF No. 40), the *pro se*[1] Plaintiff's Amended Complaint, (ECF No. 38). The Court decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Township's Motion is **GRANTED**.

## I.    FACTUAL BACKGROUND[2] AND PROCEDURAL HISTORY

    Plaintiff Ernell Norman Priester, Jr. ("Plaintiff") brings this action arising out of sexual abuse he suffered between 1990 and the winter of 1995 when he was a minor.[3] (Am. Compl., ECF

---

[1] Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but *pro se* "litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted), and must otherwise comply with the Federal Rules of Civil Procedure, *see McNeil v. United States*, 508 U.S. 106, 113 (1993).

[2] The Court assumes that the facts recited herein are true for purposes of resolving this Motion.

[3] Plaintiff pleads inconsistently that the abuse began when he was either thirteen or fifteen years old. Liberally construing his *pro se* pleading, the Court assumes that it began when he was thirteen.

No. 38 at ¶¶ 12–13, 29). Defendant Vincent A. Watkins, Sr. repeatedly sexually abused Plaintiff and coerced him into sexual activity on dozens of occasions during that period. (*Id.* at ¶¶ 27–31). The abuse took place in various places, including Watkins' vans and home, at the church where Watkins was a deacon, at the Martin Luther King Recreation Center and Clarence Davies Sports Complex in Middle Township, and during interstate trips and youth conventions. (*Id.*). Watkins used threats, intimidation, gifts, humiliation, and financial support to induce Plaintiff's participation. (*Id.*). Watkins acted in several capacities, including, as relevant here, as an employee and contractor of the Township. (*Id.* at ¶¶ 20–21, 26, 28).

The Township owned, operated, and managed the Martin Luther King Center and Clarence Davies Sports Complex where the abuse took place, and Watkins operated and supervised programs there with responsibility over children, including Plaintiff. (*Id.* at ¶¶ 23–24, 28, 41). Plaintiff alleges that the Township knew or should have known that those facilities were being used for illicit sexual purposes and knowingly failed to stop, prevent, or expose the sexual exploitation of Plaintiff and other boys. (*Id.* at ¶¶ 42–43).

Based on those allegations, the Amended Complaint asserts claims under 18 U.S.C. § 2255, which authorizes civil claims by minors who are victims of violations of various federal criminal statutes relating to sexual abuse and trafficking. Here, Plaintiff alleges predicate violations of 18 U.S.C. §§ 1591, 2241, 2422–23. He also brings a claim under the civil provisions of the Racketeer Influenced and Corrupt Organizations ("RICO") Act[4], 18 U.S.C. § 1962 *et seq.* (*Id.* at ¶¶ 46–79). Plaintiff seeks injunctive relief, compensatory damages, punitive damages against certain defendants, and enhanced damages under RICO. (*Id.* at 21).

---

[4] Sex trafficking of minors, § 1591, is one of the enumerated predicate offenses under RICO. 18 U.S.C. § 1961.

Plaintiff filed his original Complaint on August 30, 2024. (ECF No. 1). The Township moved to dismiss on October 17, 2024. (ECF No. 5). After Plaintiff sought extensions of time to respond, he filed an Amended Complaint on January 21, 2025. (ECF Nos. 6, 13, 17). The Court allowed amendment despite Plaintiff's untimely filing because of his *pro se* status and denied the Township's first motion to dismiss as moot in light of the amended pleading. (ECF No. 18).

The Township thereafter requested that Plaintiff be required to comply with Local Civil Rule 15.1 by submitting a version of the amended pleading showing how it differed from the original complaint, and the Court granted that request. (ECF Nos. 19, 20). When a compliant amended pleading was not promptly filed, the Court entered an Order to Show Cause why the matter should not be dismissed. (ECF No. 22). Attorney Peter Agostini later entered an appearance on Plaintiff's behalf and sought additional time to file an amended pleading. (ECF Nos. 23–25). Counsel subsequently moved to withdraw and, after further proceedings, the Court granted that motion, deemed Plaintiff to be proceeding *pro se*, and directed him to file an amended pleading complying with Local Civil Rule 15.1 by September 12, 2025. (ECF Nos. 26–27, 33, 37). Plaintiff filed the operative Amended Complaint on September 12, 2025. (ECF No. 38).

The Township then filed the present Motion to Dismiss on September 25, 2025. (ECF No. 40). Plaintiff filed a brief in opposition on September 30, 2025, (ECF No. 41), and the Township replied on October 13, 2025, (ECF No. 44). Plaintiff then filed a sur-reply without seeking leave to do so as required by Local Civil Rule 7.1. (ECF No. 45). The Court granted the Township an opportunity to respond, but it declined. (ECF Nos. 46–47).

Because Plaintiff's briefing included factual allegations and annexed exhibits that were not included in the Amended Complaint, and because he requested leave to amend, the Court granted Plaintiff leave to file a Second Amended Complaint in light of his *pro se* status and

3

administratively terminated the Township's Motion. (ECF No. 59). Plaintiff then filed a letter indicating that he did not wish to amend and asked the Court to reactivate and decide the pending motion to dismiss based on the operative Amended Complaint and briefing. (ECF No. 60). The Court entered an order further reminding Plaintiff that it could not consider any facts that were not alleged in his Amended Complaint, warning him that any subsequent dismissal would be with prejudice, and advising him to ensure that the Amended Complaint contained all the facts and claims that he wished the Court to consider. (ECF No. 61). Plaintiff again declined to amend and asked the Court to proceed with deciding the motion. (ECF No. 62). The Court now does so.

## II.      LEGAL STANDARD

To state a claim, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations and all reasonable inferences drawn from them as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. (alteration in original) (quoting *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). If any other matters outside the pleadings are presented and the court does not exclude them, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

"A statute of limitations defense is an affirmative defense that a defendant must usually plead in his answer." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). A district court may, however, grant a Rule 12(b)(6) motion asserting a limitations defense if the time bar is obvious from the face of the complaint. *Id.* A district court "may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Id.* (citation omitted). But if the pleading itself reveals when the limitation period begins to run, then Rule 12 dismissal is justified. *See id.*

### III. DISCUSSION

In support of its motion, the Township argues: 1) that Plaintiff's claims under § 2255 are time-barred; 2) that, even if not time-barred, § 2255 does not permit secondary or vicarious liability; 3) that Plaintiff's civil RICO claim is untimely and that he further does not allege an injury to business or property; and 4) that the Amended Complaint fails to plausibly allege the statutory elements of the asserted federal offenses as to the Township.[5] (Def.'s Mot., ECF No. 40-3 at 12–21). In opposition, Plaintiff argues that his § 2255 claims are timely in light of the 2022 amendment eliminating the statute of limitations and the discovery rule; that equitable tolling based on alleged concealment preserves those claims; that the Township may be held liable under § 2255 under theories of aiding and abetting or municipal liability; and that his RICO claim is timely and adequately pleaded because he alleges continuing concealment and resulting economic injury. (Pl.'s Opp., ECF No. 41). In reply, the Township notes that allegations of concealment are absent from the Amended Complaint and therefore there is no basis for the Court to evaluate or consider whether the statute of limitations should be tolled, and that the discovery rule also cannot save Plaintiff's claims. (ECF No. 44). The Court agrees with the Township that all of Plaintiff's claims are time-barred. Alternatively, the Court also agrees that Plaintiff has failed to plausibly allege a basis for the Township's liability under § 2255 and failed to plead an injury to business or property as required under RICO. While the facts of this case, and the many others like it, are indisputably tragic, it is not the role of this Court to rewrite the applicable law.

---

[5] The Township further argues in its reply that § 2255 did not provide a civil remedy at the time of the alleged offenses. (ECF No. 44 at 12). Because this argument was not raised in its moving brief, it is procedurally improper, and the Court will not address it. *See, e.g.*, *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007).

**A. Plaintiff's Claims Under § 2255 Are Barred by the Statute of Limitations**

Plaintiff relies on the 2022 amendment to § 2255, which eliminated the statute of limitations for claims going forward and for claims that remained timely under the prior version of the statute. (Pl.'s Opp., ECF No. 41 at 3–6); *see also A. B. v. Kowalczyk*, No. 20-35885, 2026 WL 222527 (9th Cir. Jan. 28, 2026). As the Ninth Circuit recently explained, the 2022 amendment eliminating the time-bar applies, under its express terms, to "any claim or action that … would not have been barred under section 2255(b) of title 18, United States Code, as it read on the day before the date of enactment of this Act." *Kowalczyk*, 2026 WL 222527, at \*2 (quoting Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022, Pub. L. 117-176, § 2, 136 Stat. 2108 (2022)). In other words, the 2022 amendment "applies retroactively to any claim or action that, as of the enactment date of September 16, 2022, would not have been barred under the 2018 version of the statute." *Id.* The relevant section of the 2018 statute then read:

> Any action commenced under this section shall be barred unless the complaint is filed—
> > (1) not later than 10 years after the date on which the plaintiff *reasonably discovers* the later of—
> > > (A) the violation that forms the basis for the claim; or
> > > (B) the injury that forms the basis for the claim; or
> > (2) not later than 10 years after the date on which the victim reaches 18 years of age.

*Id.* (emphasis added). Accordingly, Plaintiff argues that if he reasonably discovered either the violation or the injury after September 16, 2012, then his claims would have been timely at the time of the 2022 amendment and are not time barred. (*See* Pl.'s Opp., ECF No. 41 at 3–5). The Court agrees that the plain text of the statute supports Plaintiff's argument. The discovery rule was expressly incorporated into the 2018 amendment and therefore may apply in certain circumstances under the plain meaning of the 2022 amendment. The Court is unpersuaded by the Township's

arguments to the contrary. (Def.'s Reply, ECF No. 44 at 7–10).[6]

Nevertheless, even so construing the statute, the Court agrees with the Township that the discovery rule does not save Plaintiff's claims here. In *Stephens v. Clash*, the Third Circuit, reviewing the grant of a motion to dismiss, held that the discovery rule applied to an earlier iteration of § 2255[7] but that it did not preserve claims where the plaintiff was aware of the sexual abuse and resulting injury at the time it occurred. 796 F.3d at 288–89. As the court explained there:

> Stephens's complaint thus indicates that he was cognizant at all times of the sexual abuse from which he contends he suffered an injury. Indeed, Clash's nonconsensual sexual contact with Stephens itself inflicted an injury, regardless of Stephens's willing participation or any additional, latent psychological or emotional injuries that Stephens may have suffered at the time of the abuse, or even later in life. Much like a typical battery under state law, Stephens's complaint demonstrates that he was aware that his legal rights had been violated and he had suffered an injury at the time he and Clash consummated their sexual relationship, even if he did not fully appreciate all of the consequences of that violation.

*Id.* (citations and footnote omitted). The same is true here. The allegations in the Amended Complaint indicate that Plaintiff was aware at all times of the alleged abuse and thus the statutory violations and resulting injuries. (Am. Compl., ECF No. 38 at ¶¶ 29–30). On these facts, as alleged

---

[6] The Township relies on *Wilson v. Hussman*, No. 22-5091, 2023 WL 2048015 (D.S.D. Feb. 15, 2023) in arguing that the discovery provision of the 2018 statute does not apply retroactively. Even if that case were binding, the court in that case recognized, as the Ninth Circuit did, that "it is necessary to assess whether an older claim would have been barred by the applicable statute of limitations before September 16, 2022" which "began to run on the later of the plaintiff's *discovery of the violation or discovery of the injury ... .*" *Id.* at *3 (emphasis added). There, the court did not engage in discovery rule analysis but did not suggest that it is categorically unavailable. And while it is true that courts will generally not read a statute as "resurrect[ing] claims" that were previously barred absent clear congressional intent, *Lieberman v. Cambridge Partners, L.L.C.*, 432 F.3d 482, 490 (3d Cir. 2005), as amended (Feb. 8, 2006), the statutory text here is unambiguous as to its retroactive effect.

[7] This is further support that the discovery rule applies to Plaintiff's claims here. Although the Township argues that this is dicta, (Def.'s Reply, ECF No. 44 at 9 n.2), that assertion is plainly incorrect, 796 F.3d at 288 ("For these reasons, we *hold* that the discovery rule is applicable to § 2255 claims." (emphasis added)).

in the Amended Complaint, the discovery rule cannot save Plaintiff's facially untimely claims. The Court need not decide if the discovery rule could ever be invoked by a plaintiff who, for example, was drugged, unconscious, or otherwise alleges that they were unaware of the abuse and/or resulting injury when it occurred and only later discovered the violation and injury.

But that does not end the analysis because Plaintiff further argues that he did not discover *the Township's* role in the alleged abuse until 2023–24 and invokes equitable tolling based on fraudulent concealment. (Pl.'s Opp., ECF No. 41 at 5–8). As an initial matter, the allegations upon which Plaintiff relies to support fraudulent concealment, including alleged destruction or alteration of evidence, do not appear in the Amended Complaint. *See, e.g.*, *McKinney v. Lanigan*, No. 18-309, 2021 WL 288465, at *7 (D.N.J. Jan. 28, 2021) (citing cases) ("But supporting facts for tolling or delayed accrual would need to be included in his Complaint. Courts that have considered the issue have found that it is necessary to plead the doctrine or facts in support thereof where the claims are facially untimely."). Instead, Plaintiff raises them for the first time in his opposition brief, which is procedurally improper. It is axiomatic that a plaintiff may not amend his complaint through briefing. *E.g.*, *Ghrist v. CBS Broad., Inc.*, 40 F. Supp. 3d 623, 630 n.4 (W.D. Pa. 2014). The Court explained this to Plaintiff and gave him multiple opportunities to amend his pleading to include any factual basis for equitable tolling. Plaintiff declined and chose to stand on his Amended Complaint. As such, the Court cannot consider these allegations and there is no basis to find a plausible claim of fraudulent concealment.[8]

Further, even assuming such facts were properly pleaded in the Amended Complaint, the

---

[8] While some courts in this Circuit have considered facts alleged in opposition papers in cases with *pro se* litigants, *see Nichols v. Phillips*, No. 17-02604, 2018 WL 286740, at *2 n.2 (E.D. Pa. Jan. 3, 2018), this case is distinguishable because, as explained above, the Court afforded Plaintiff multiple opportunities to amend his pleadings to include these facts and warned him that they could not be considered in adjudicating the motion to dismiss.

Third Circuit rejected a similar argument in *Leonard v. City of Pittsburgh*, 570 F. App'x 241 (3d Cir. 2014). There, the plaintiff argued that the discovery rule or the doctrine of fraudulent concealment should apply because she did not discover her *Monell* claim against the city until years after the underlying abuse. But the court explained that although "a cover-up may have been a secondary cause of the abuse[,] [that] did not change the fact that the injuries that the plaintiffs alleged was abuse, and they were aware of this injury at the time it occurred." *Id.* at 245. So too here. Had Plaintiff timely brought suit based on the underlying abuse by Watkins, he might have discovered the Township's role then. His later discovery of its alleged involvement in a cover-up does not revive otherwise untimely claims. Accordingly, Plaintiff's § 2255 claims are barred by the statute of limitations.

### B.  The Township Cannot Be Held Liable for the Alleged Violations

Even if Plaintiff's § 2255 claims were not time-barred, they would nevertheless fail as against the Township because the Amended Complaint does not plausibly allege a basis for the Township's liability. At bottom, Plaintiff seeks to impute Watkins' violations to the Township under a theory of *respondeat superior.* The Township argues that § 2255 does not impose secondary liability or, at minimum, requires plausible allegations that the defendant aided or abetted the underlying violation. (Def.'s Mot., ECF No. 40-3 at 16–19 (citing *Doe v. Liberatore*, 478 F. Supp. 2d 742 (M.D. Pa. 2007)). Although the Court need not definitively resolve the full scope of secondary liability under § 2255 in light of its statute-of-limitations ruling, the Court agrees, in the alternative, that Plaintiff has not alleged a basis for the Township's liability here.

Plaintiff points to cases in which courts have permitted some form of vicarious liability under § 2255. (Pl.'s Opp., ECF No. 41 at 13–14). The Court understands Plaintiff to rely principally on *G.M. v. Choice Hotels Int'l, Inc.*, No. 22-3788, 2024 WL 1347722 (S.D. Ohio Mar.

29, 2024), and *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F. Supp. 2d 1337 (S.D. Fla. 2012).[9] Those cases, not binding on this Court, do not alter the result here. *Royal Caribbean* arose in the maritime context and relied on principles specific to that setting. *See* 860 F. Supp. 2d at 1342 (explaining that "Congress intended to incorporate longstanding principles of federal maritime law, including the principle—applicable here—that a cruise line is strictly liable for a crew member's assault of a passenger."). And *G.M.* concerned hotels and their franchisees alleged to have financially benefitted from sex trafficking conducted on their premises. 2024 WL 1347722, at *3 ("The text provides no reason to believe that Congress intended to prohibit plaintiffs from suing beneficiaries of and participants in the many crimes enumerated in § 2255, so long as plaintiffs' claims comport with the traditional requirements of standing—injury in fact, causation, and redressability."). By contrast, this case arises under factually and legally distinct circumstances, and the Amended Complaint contains no allegations that the Township financially benefitted from any alleged sex trafficking. Those decisions are therefore inapposite.

Although some courts have reasoned that aiding-and-abetting liability may be inferred through 18 U.S.C. § 2, *see Liberatore*, 478 F. Supp. 2d at 756, that reasoning is difficult to reconcile with *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164 (1994). There, the Supreme Court rejected a similar attempt to derive a private civil aiding-and-abetting cause of action from the criminal provisions of the Securities Exchange Act of 1934, explaining that "it does not follow that a private civil aiding and abetting cause of action must also exist." 511 U.S. at 190. That reasoning is applicable here. Thus, applying *Central Bank*, some courts have held that § 2255 does not permit secondary or vicarious liability. *See Doe v. Hansen*,

---

[9] Plaintiff cites only the case names and courts of decision in his brief. Plaintiff also includes a quote ostensibly from *Royal Caribbean* which the Court has been unable to locate. But these cases generally support the proposition Plaintiff cites them for.

No. 16-546, 2018 WL 2223679 (E.D. Mo. May 15, 2018), *aff'd sub nom.*, *Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184 (8th Cir. 2019).

In any event, as the Township argues, even assuming § 2255 permits liability on an aiding-and-abetting theory, Plaintiff has not plausibly alleged it. (Def.'s Mot., ECF No. 40-3 at 18–19). "In order to establish the offense of criminal aiding and abetting, it must be shown that: (1) the substantive offense has been committed; (2) the defendant knew the offense was being committed; and (3) the defendant acted with the intent to facilitate it." *Liberatore*, 478 F. Supp. 2d at 756. Here, the Amended Complaint alleges only that the Township owned the property where Plaintiff was abused and employed or contracted with Watkins. (Am. Compl., ECF No. 38 at ¶¶ 23–24, 28, 41–43).[10] While Plaintiff clearly alleges a substantive offense by Watkins, there are only conclusory allegations that the Township had any knowledge of it and there are no allegations whatsoever that the Township acted with intent to facilitate the abuse. Thus, though the Court need not decide the full extent of when § 2255 may impose secondary liability, Plaintiff has not met that bar here.[11]

---

[10] In his opposition brief, Plaintiff asserts that the Township ignored multiple reports of sexual abuse and altered and later concealed evidence of Watkins' crimes. (ECF No. 41 at 14). As explained above, these allegations are not contained in the Amended Complaint, and the Court cannot consider them.

[11] Plaintiff makes a passing reference in his brief to the Township's *Monell* liability. While 42 U.S.C. § 1983 can create municipal liability for violations of federal statutes, *Maine v. Thiboutot*, 448 U.S. 1 (1980), Plaintiff did not assert a § 1983 claim in the Amended Complaint and does not allege in the Amended Complaint that there was any policy or custom of the Township that caused the violation of federal law. Finally, to the extent that Plaintiff asserts that the Township *itself* committed the predicate violations, the Court agrees with the Township that, as a public entity, it could not have transported Plaintiff across state lines or otherwise committed most of the predicate violations and could only have acted through Watkins, its agent/employee. (*See* Def.'s Mot., ECF No. 40-3 at 20–21). As explained above, because Plaintiff does not allege that the Township financially benefitted from participation in the alleged trafficking, he does not allege that it violated § 1591.

### C. Plaintiff's RICO Claim Also Fails

The Township argues that Plaintiff's civil RICO claim fails for two reasons: 1) it is barred by the statute of limitations; and 2) Plaintiff has not alleged the required injury. (Def.'s Mot., ECF No. 40-3 at 15, 19–20). The Court agrees.

First, the claim is plainly time-barred. Civil RICO claims are subject to a four-year statute of limitations, which can be tolled by the discovery rule. *E.g.*, *Pelullo v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 131 F. App'x 864, 866 (3d Cir. 2005). The Township argues that any RICO claim accrued long ago, based on the conduct alleged in the Amended Complaint that took place in the 1990s. In response, Plaintiff again relies on theories of delayed discovery and fraudulent concealment, arguing that he only recently learned of the Township's destruction or concealment of evidence. (Pl.'s Opp., ECF No. 41 at 7–10, 15–16). But as discussed above, those allegations do not appear in the Amended Complaint. Because the pleaded facts do not include the alleged destruction of evidence or related concealment by the Township, there is no basis on the face of the pleading for applying either the discovery rule or the doctrine of fraudulent concealment.

Second, even if the claim was timely, Plaintiff has not plausibly alleged an injury to business or property, as required for a civil RICO claim. 18 U.S.C. § 1964(c). Plaintiff pleads, in conclusory fashion, "loss of business opportunities, damages to businesses, severe psychological harm, financial loss, humiliation, emotional distress, anxiety" and other injuries but does not specify what businesses were damaged or opportunities were lost. (Am. Compl., ECF No. 38 at ¶ 76). In his opposition brief, Plaintiff relies on *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025), where the Supreme Court held that an injury to business or property that is derivative of personal injury is sufficient. He argues that he suffered economic harm because the Township's alleged concealment of evidence caused him to lose the opportunity to recover tens of millions of dollars

13

through the Boy Scouts of America ("BSA") Independent Review Option. (Pl.'s Opp., ECF No. 41 at 5–8, 15). According to Plaintiff, the Township altered a video of Watkins' confession, which prevented Plaintiff from proving Watkins' admissions in the BSA proceedings and reduced his claim from $13.5 million to $1.575 million. (*Id.*). Even assuming that this theory could satisfy RICO's injury requirement[12], those facts are again not alleged in the Amended Complaint. Thus, Plaintiff fails to state a RICO claim.

---

[12] In *Horn*, the Supreme Court held only that the "phrase 'injured in his business or property' does not preclude recovery for all economic harms that result from personal injuries." 604 U.S. at 614. It gave the example of a gas station owner who was beaten in a robbery and forced to close his business, thus resulting in injury to his business. *Id.* at 601. But it also emphasized that "not every monetary harm—be it lost wages, medical expenses, or otherwise—necessarily implicates RICO." *Id.* at 613. Although it need not decide the issue, the Court has serious doubts that speculative loss of a settlement amount can constitute injury to property sufficient to state a claim under RICO. *Cf. Magnum v. Archdiocese of Philadelphia,* 253 F. App'x 224, 226 (3d Cir. 2007) (holding that the "lost opportunity to bring state law personal injury claims against the Archdiocese is not cognizable as an injury to 'business or property' in a civil RICO action."); *see also Doug Grant, Inc. v. Greate Bay Casino Corp.,* 232 F.3d 173, 188 (3d Cir. 2000) (explaining that it would be "difficult to characterize" a "lost speculative opportunity" as an injury to business or property).

\*\*\*\*\*

For the foregoing reasons,

**IT IS HEREBY** on this 27th day of April, 2026,

**ORDERED** that Defendant's Motion to Dismiss, (ECF No. 40), is **GRANTED**; and it is finally

**ORDERED** that Plaintiff's claims against Defendant Middle Township of New Jersey are

**DISMISSED WITH PREJUDICE.**[13]

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[13] While the Court ordinarily gives *pro se* litigants like Plaintiff multiple opportunities to amend their pleadings and would dismiss without prejudice, as explained previously, the Court already afforded Plaintiff two chances to amend his pleading before deciding this Motion and warned Plaintiff that any dismissal would be with prejudice. Plaintiff unequivocally stated that he did not wish to amend and thus declined to file an amended pleading. Given the length of time that has elapsed since the filing of this action, the Court finds that further opportunities to amend would not be in the interest of justice. *See, e.g.*, *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) ("Finally, because [Plaintiff] has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").

15